The Hon. James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>CHARLES SHATEEK SMITH,<br>                    Defendant<br><br>and<br><br>TAHLEHA JACKSON,<br><br>                    Third-Party Claimant. | NO. CR21-103-JLR<br><br>**STIPULATION AND ORDER SETTLING THIRD-PARTY CLAIM TO FIREARM**<br><br>NOTED FOR CONSIDERATION:<br>June 4, 2024 |

The United States and Third-Party Claimant Tahleha Jackson present the following stipulation ("Stipulation") and proposed order to settle the interest Ms. Jackson has asserted in the Walther .380 pistol, serial number WB153754 ("Subject Firearm") that was forfeited by the Defendant in this case.

## I.    RELEVANT PROCEDURAL FACTS

The defendant in this case agreed to forfeit his interests in the Subject Firearm pursuant to the plea agreement he entered with the United States on June 28, 2022. Dkt. No. 23. Prior to the defendant's sentencing on September 27, 2022, the Court entered a Preliminary Order of Forfeiture forfeiting the Defendant's interest in the Subject Firearm.

Stipulation & Order Settling - 1
Third-Party Claim to Firearm
*United States v. Smith*, CR21-103-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*See* Dkt. Nos. 32, 34. Thereafter, as required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim.

2 P. 32.2(b)(6)(C), the United States published notice of the Preliminary Order of

3 Forfeiture and the government's intent to dispose of the Subject Firearm in accord with

4 governing law. Dkt. No. 35. That notice informed any third parties claiming an interest in

5 the Subject Firearm that they were required to file a petition with the Court within 60

6 days of the notice's first publication on October 15, 2022. *Id.* On November 27, 2023, as

7 required by Fed. R. Crim. P. 32.2(b)(6)(A), the United States also sent notice and a copy

8 of the Preliminary Order to Ms. Jackson, as she appeared to be a potential claimant based

9 on the underlying investigative material.

10       Ms. Jackson filed a timely claim to the Subject Firearm on December 6, 2023,

11 which was filed on the docket on March 19, 2024. Dkt. No. 36. In her claim, Ms. Jackson

12 asserts that she is the rightful owner of the Subject Firearm, and that it was stolen from

13 her vehicle on or about November 27, 2020. *Id.* No competing claims to the Subject

14 Firearm have been filed, and the period for doing so expired on January 3, 2024.

15                          **II.    STIPULATION**

16 The United States and Ms. Jackson HEREBY STIPULATE to the following facts:

17       1.      In support of her claim, Ms. Jackson asserts she purchased the Subject

18 Firearm from West Coast Armory in Bellevue, Washington. In support of her claim,

19 Ms. Jackson provided electronic correspondence between Tukwila Police Department

20 ("TPD") and herself, reflecting her request for information regarding the investigation of

21 the theft. The United States reviewed a report ("Tracing Report") generated by the

22 Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which contains firearm

23 purchase history purporting to show that Ms. Jackson as the last registered owner of the

24 firearm, purchased from West Coast Armory in Bellevue, Washington on January 28,

25 2021.

26 //

27

Stipulation & Order Settling - 2
Third-Party Claim to Firearm
*United States v. Smith*, CR21-103-JLR

2.      The information provided by Ms. Jackson is consistent with information contained on Tracing Report for the firearm. The Tracing Report confirms Ms. Jackson was the last individual to purchase the Subject Firearm from a Federal Firearms Licensee ("FFL") and further confirms the FFL was West Coast Armory in Bellevue, Washington.

3.      Ms. Jackson reports the Subject Firearm was stolen from her vehicle in Seattle, Washington, on or about November 27, 2020, and she provided the Incident Report number that TPD generated following the incident.

4.      United States Department of Justice, United States Marshals Service ("USMS"), has confirmed that Ms. Jackson has no identifiable criminal history that would preclude him from possessing a firearm at this time.

5.      Ms. Jackson affirms that neither she nor any person living in her residence is prohibited from possessing a firearm.

6.      Based on the information and affirmations reflected in Paragraphs 1–5, the United States agrees that Ms. Jackson had a vested interest in the Subject Firearm, pursuant to 21 U.S.C. § 853(n)(6)(A), before the Defendant in this case possessed it.

7.      The United States recognizes Ms. Jackson's vested interest in the Subject Firearm and agrees the government will return the firearm to Ms. Jackson following the criminal proceedings in this case, to include any criminal appeal. The United States Marshals Service will effect the return of the Subject Firearm to Ms. Jackson.

8.      Ms. Jackson understands the Subject Firearm constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, to include any criminal appeal.

9.      Ms. Jackson understands and agrees the Subject Firearm will be returned to her in its current condition, as it was seized from the Defendant in this case.

10.     Ms. Jackson understands and agrees that this Stipulation fully and finally resolves her claim to the Subject Firearm. Ms. Jackson waives any right to further litigate or pursue her claim, in this or any other proceeding, judicial or administrative.

Stipulation & Order Settling - 3
Third-Party Claim to Firearm
*United States v. Smith,* CR21-103-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11.      Upon return of the Subject Firearm, Ms. Jackson agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Ms. Jackson may possess, or that could arise, based on the seizure, detention, and return of the firearm.

12.      The United States and Ms. Jackson agree they will each bear their own costs and attorneys' fees associated with the seizure, detention, and return of the Subject Firearm, as well as with Ms. Jackson's claim and this Stipulation.

13.      The United States and Ms. Jackson agree the terms of this Stipulation are subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, a violation of any term or condition of this Stipulation shall be construed to be a violation of that Order.

Respectfully submitted,
TESSA M. GORMAN
United States Attorney

DATED:   April 22, 2024

JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Jehiel.Baer@usdoj.gov

DATED: 6/4/24

TEHLEHA JACKSON
12746 SE 173rd Pl.
Renton, Washington  98658
(206) 453-9515
TahlehaJ@gmail.com

Stipulation & Order Settling - 4
Third-Party Claim to Firearm
*United States v. Smith,* CR21-103-JLR

**<u>ORDER</u>**

The Court has reviewed the above Stipulation between the United States and Third-Party Claimant Tahlela Jackson, which settles the interest Ms. Jackson has asserted in the Walther .380 pistol, serial number WB153754, Dkt. No. 36, which has already been forfeited by the Defendant in this case, Dkt. No. 32. The Court HEREBY APPROVES the Stipulation and its terms.

IT IS SO ORDERED.

DATED this ___6th___ day of June, 2024

_____
THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Stipulation & Order Settling - 5
Third-Party Claim to Firearm
*United States v. Smith,* CR21-103-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970